RAYMOND BRUNELLE, SR., PLAINTIFF *v.* RAYMOND J. DONOVAN, UNITED STATES SECRETARY OF LABOR, DEFENDANT

Court No. 81-10-01453

Before RE, *Chief Judge.*

(Dated March 23, 1982)

*Raymond Brunelle, Sr., pro se.*
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch *(Sheila N. Ziff* on motion), for the defendant.

RE, *Chief Judge:* In this case for trade adjustment assistance benefits, under the Trade Act of 1974, 19 U.S.C. §§ 2101 *et seq.* (1976), plaintiff seeks review of the Secretary of Labor's denial of certification of eligibility of plaintiff and other employees of Intersystems Design and Technology Corporation, Quincy, Massachusetts. The defendant has moved to dismiss plaintiff's complaint for failure to institute this action within the sixty (60) day statute of limitations prescribed in section 284(a) of the Trade Act of 1974, 19 U.S.C. 2395(a), as added by the Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727, 1746.

By letter dated July 2, 1981, Marvin M. Fooks, Director, Office of Trade Adjustment Assistance, informed plaintiff of the Secretary of Labor's (Secretary) negative determination. Notice of the Secretary's final determination was published in the Federal Register on July 10, 1981 (46 Fed. Reg. 35825). Thereafter, plaintiff, acting *pro se,* sought judicial review of the Secretary's final determination.

Plaintiff filed this action on October 26, 1981, the date of receipt of the summons and complaint by the clerk of this court.

Section 223(c) of the Trade Act of 1974, 19 U.S.C. § 2273(c) (1976), requires that the Secretary, upon reaching a final determination on a petition for certification of eligibility for trade adjustment assistance, "promptly publish a summary of the determination in the Federal Register together with his reasons for making such determination." Pursuant to section 284(a) of the Trade Act of 1974, an action to review the Secretary's final determination is to be commenced "within sixty days after notice of such determination." 29 C.F.R. § 90.19(a) (1981) of the Department of Labor's published regulations furnishes a more precise requirement:

> The party seeking judicial review must file for review * * * within sixty (60) days after the notice of determination has been published in the Federal Register.

It is evident that the Secretary complied with the statutory duty of publication, pursuant to section 223(c) of the Trade Act of 1974. *Cf. Tyler* v. *Donovan,* 3 CIT 62, Slip Op. 82–17 (March 11, 1982). (The court held that the statute of limitations had not begun to run since the Secretary failed to comply with the publication requirement.) The language of section 284(a) of the Trade Act of 1974, and the applicable regulation, 29 C.F.R. § 90.19(a), makes it clear that the 60-day statute of limitations commences from the date of publication in the Federal Register. *Id.; Timex Components, Inc., Former Employees* v. *Marshall,* No. 80–2531 (3d Cir. Oct. 6, 1981) (per curiam).

In the case at bar, the Secretary published the notice of final determination in the Federal Register on July 10, 1981. Since plaintiff commenced this action on October 26, 1981, some 108 days after the date of publication of the notice, plaintiff's cause of action was not instituted within the prescribed 60-day period.

Accordingly, defendant's motion to dismiss is granted, and plaintiff's action is hereby dismissed.